UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYED MOKARAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAYED AYUB,<br><br>　　　　Defendant. | No. 2:24-cv-3009 DC AC PS<br><br><br>ORDER TO SHOW CAUSE |

　　　　On November 1, 2024, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed.

　　　　"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The complaint alleges federal question jurisdiction, stating that the "claims arise under federal law, including but not limited to federal laws relating to privacy, fraud, and aiding and abetting international crimes." ECF No. 1 at 2.  Both plaintiff and defendant are residents of California.  Id.  Plaintiff alleges that defendant engaged in a "prolonged and unauthorized campaign of spying on Plaintiff, utilizing various methods to gather intelligence about Plaintiff's personal life and activities." ECF No. 1 at 3.  Plaintiff alleges that defendant's nephews are key figures in a criminal organization in Afghanistan with strong ties to the Taliban, and that defendant provides financial support and intelligence to his siter and his nephews.  Id.  Plaintiff contends that defendant has committed welfare fraud in the United States, and notes that he has reported this and other allegations to law enforcement authorities.  Id. at 3-4.  Plaintiff brings causes of action for invasion of privacy, intentional infliction of emotional distress, conspiracy to commit crimes, aiding and abetting criminal activity, and fraud on the United States government.  Id. at 4-6.

The allegations and causes of action in the complaint do not appear to provide a basis for federal question jurisdiction.  A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Plaintiff's complaint does not clearly invoke any federal law or constitutional right.  See ECF No. 1.  Plaintiff does not allege that defendant is a government actor.  Each of plaintiff's claims are state law tort claims that do not provide a basis for federal jurisdiction.  To the extent plaintiff is attempting to sue defendant for criminal conduct, he cannot do so.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997); Aldabe v. Aldabe, 616 F.2d

1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  To the extent plaintiff is attempting to sue defendant for defrauding the U.S. government, and not himself directly, he cannot do so because a pro se plaintiff cannot represent anyone other than himself, and plaintiff cannot sue for harm done to another person or entity.  Simon v. Hartford Life, Inc., 546 F.3d 661, 663 (9th Cir. 2008).  It appears from the contents of plaintiff's complaint that the only potentially available causes of action are state law claims, and a lawsuit containing only state law claims between two citizens of California be brought in California State court.

A review of the complaint indicates that there is no federal cause of action and no diversity between the parties.  Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than November 22, 2024, why this court has subject matter jurisdiction over his case.  If plaintiff fails to respond by November 22, 2024, the court will recommend dismissal of his case without prejudice for lack of subject matter jurisdiction.

DATED: November 1, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE